UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:21-CR-097 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| CHAD ALLEN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, Chad Allen Williams, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.   Subject Offense.  Defendant will plead guilty to Counts 1 and 2 of the Indictment, that is Count 1, Unlawful User in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2); and Count 2, Making a Destructive Device, in violation of Title 26, United States Code, Sections 5822, 5861(f), and 5871. Defendant also agrees to forfeiture of the firearm listed in Count 1 of the Indictment.

2.   Charges Being Dismissed.  If the Court accepts this Plea Agreement, Count 3 of the Indictment will be dismissed at the time of sentencing.

**B.   MAXIMUM PENALTIES**

3.   Maximum Punishment.  Defendant understands that the crime to which Defendant is pleading guilty in Count 1 of the Indictment carries a maximum sentence of 10 years in prison; a maximum fine of $250,000; and a term of supervised

release of not more than 3 years. Defendant further understands that the crime to which Defendant is pleading guilty in Count 2 of the Indictment carries a maximum sentence of 10 years in prison; a maximum fine of $10,000; and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that these sentences may be imposed consecutively.

4. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than two (2) years in prison, without any credit for time previously served.

5. <u>Detention</u>. Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

C. **NATURE OF THE OFFENSE -- FACTUAL BASIS**

6. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Unlawful User in Possession of a Firearm)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) Defendant was a user of a controlled substance and knew of such use;

    (b) Defendant, being an unlawful drug user, knowingly possessed a firearm; and

2

  (c) The firearm was transported across a state line at some time during or before Defendant's possession of it.

Defendant further understands that to prove the offense alleged under **Count 2 (Making a Destructive Device)**, the Government would be required to prove beyond a reasonable doubt the following elements:

  (a) That the defendant knowingly made a firearm subject to the National Firearms Act; and

  (b) In violation of the National Firearms Act

7. <u>Factual Basis</u>. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

  (a) On or about May 12, 2021, at approximately 11:32 p.m. Defendant, Chad Allen Williams, lit the fuse on a homemade explosive device and placed said device in the street near 14XX SE Waywin Drive, Ankeny, Iowa. The device detonated in the location where Defendant placed it.

  (b) On or about June 7, 2021, at approximately 12:35 a.m. Defendant, Chad Allen Williams, lit the fuse on a homemade explosive device and placed said device in the street near 14XX SE Waywin Drive, Ankeny, Iowa. The device detonated in the location where Defendant placed it.

  (c) On or about June 9, 2021, Defendant, Chad Allen Williams, attempted to light the fuse on a homemade explosive device and placed said device in the street near 14XX SE Waywin Drive, Ankeny, Iowa. At approximately 9:48 a.m. the Ankeny Police Department located the unexploded explosive device in the street where Defendant placed it.

  (d) Once the device had been rendered safe by the State Fire Marshal's Bomb Squad, the device was found to include the following components: a cardboard outer container with black tape, two consumer pyrotechnic devices, and a "Lucas" brand fuel treatment bottle wrapped together with black tape. Green hobby

fuse was attached to the consumer pyrotechnic devices. Green tape and a black zip tie were used to connect the two pieces of hobby fuse. The "Lucas" brand fuel treatment bottle contained numerous metal objects (shrapnel) to include steel spheres with a flat side, masonry type wall anchors, screws, and threaded nuts. An apparent attempt to ignite the hobby fuse extending from the cardboard box (which contained the explosive device) was evident.

(e) Defendant, Chad Allen Williams, knowingly made the destructive device placed in the street near the 1400 block of SE Waywin Drive, Ankeny, Iowa on or about June 9, 2021.

(f) Said device constitutes a destructive device (firearm) pursuant to 26 U.S.C. § 5845(f), which was not registered to Defendant, Chad Allen Williams, in the National Firearms Registration and Transfer Record, pursuant to 26 U.S.C. § 5841.

(g) On June 18, 2021, investigators executed a federal search warrant at Defendant, Chad Allen Williams', residence in Johnston, Iowa. Within the residence agents located: methamphetamine, marijuana, drug use paraphernalia, and approximately 80 rounds of nine-millimeter ammunition. In addition, agents located a number of items consistent with the manufacture of explosive devices, including the specific explosive devices located as part of this investigation.

(h) Also, on June 18, 2021, investigators conducted a consent search of Defendant, Chad Allen Williams', white 2010 Chevrolet truck, Iowa license ATY 294 that was parked at his residence 5026 NW 64th Place, Johnston, Iowa. Within the truck agents located: a loaded Ruger, Model P89, nine-millimeter pistol, with serial number: 309-37720, and approximately seven (7) rounds of nine-millimeter caliber ammunition.

(i) Defendant, Chad Allen Williams, knowingly possessed the loaded Ruger, Model P89, nine-millimeter pistol, with serial number: 309-37720, located in his truck on June 18 2021; and nine-millimeter caliber ammunition located in his residence and truck on June 18, 2021.

(j) At the time Defendant, Chad Allen Williams, possessed the loaded Ruger, Model P89, nine-millimeter pistol, with serial number: 309-37720, and nine-millimeter ammunition on June 18, 2021, Defendant was an unlawful user of methamphetamine, which is a controlled substance. Defendant knew he was a user of methamphetamine.

(k) The Ruger, Model P89, nine-millimeter pistol, with serial number: 309-37720, was not manufactured in the state of Iowa, and was therefore transported across a state line at some time before Defendant, Chad Allen Williams', possession of it on June 18, 2021.

8. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9. <u>Waiver of Rule 410 Rights</u>. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis or Attachment A, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

11. <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offenses to which Defendant is pleading guilty;

(b) The number of firearms possessed;

(c) Whether sophisticated means were used to commit all or part of the offense;

(d) Defendant's role in the offense;

(e) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(f) The nature and extent of Defendant's criminal history (prior convictions); and

(g) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

6

12. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E. FINES, COSTS, AND FORFEITURE

18. <u>Forfeiture</u>. Defendant agrees to forfeiture of the property identified in the on Count 1 of the Indictment, namely: the loaded Ruger, Model P89, nine-millimeter pistol, with serial number 309-37720 and ammunition. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19. <u>Waivers Regarding Forfeiture</u>. Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20. <u>Consent to Judgment of Forfeiture</u>. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant

understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

F. **LIMITED SCOPE OF AGREEMENT**

23. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

G.  **WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

25.  <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

(a)  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)  A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)  The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)  Confront and cross-examine adverse witnesses;

(e)  Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)  Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)  If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.  <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges, or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's

11

conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.  VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

 (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

29. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32. <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J. SIGNATURES

33. <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.  I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

1-18-22
Date

Chad Allen Williams

34. <u>Defendant's Attorney</u>.  I have read this Plea Agreement and have discussed it in its entirety with my client.  There is no Plea Agreement other than the agreement set forth in this writing.  My client fully understands this Plea Agreement.  I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.  I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.  I concur with my client entering into this Plea Agreement and in

entering a plea of guilty pursuant to the Plea Agreement.

__1-18-22__
Date

Joseph D. Herrold
Attorney for Chad Allen Williams

35. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

__1·20·2022__
Date

By: _____

Richard D. Westphal
United States Attorney

Jason T. Griess
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292
E-mail: Jason.Griess2@usdoj.gov