IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:21-CR-097 |
| v. ) | |
| ) | GOVERNMENT'S |
| CHAD ALLEN WILLIAMS, ) | SENTENCING |
| ) | MEMORANDUM |
| Defendant. ) | |
| ) | |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter.

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................... 1

PROCEDURAL BACKGROUND ................................................................... 2

SENTENCING GUIDELINES ........................................................................ 2

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 60 MONTHS ...................... 3

CONCLUSION ............................................................................................... 7

## INTRODUCTION

Between February of 2020 and June of 2021, Defendant engaged in a pattern of harassment toward his former girlfriend, A.B. Defendant's conduct culminated in the spring of 2021, when he knowingly manufactured three dangerous explosive devices which he detonated and attempted to detonate in the street near A.B.'s residence. Agents later located material used to manufacture the explosive devices in Defendant's residence. In addition, agents located a loaded Ruger, Model P89, nine-

1

millimeter pistol in Defendant's vehicle. Based on all the 3553(a) factors in this case, the Court should sentence Defendant slightly above the advisory guidelines range to 60 months' imprisonment.

## PROCEDURAL BACKGROUND

On July 15, 2021, a Southern District of Iowa grand jury returned a three count indictment charging Count 1: unlawful user in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2); Count 2: making a destructive device, in violation of Title 26, United States Code, Sections 5822, 5861(f), and 5871; and, Count 3: possession of an unregistered destructive device, in violation of Title 26, United States Code, Section 5841, 5861(d), and 5871. (Dkt. 17.) The indictment also contains a notice of the government's intent to forfeit the firearms, magazines, and ammunition identified in Count 1. (Dkt. 17.)

On January 20, 2022, Defendant pled guilty to Counts 1 and 2 of the indictment pursuant to a plea agreement. (Dkt. 46, 48.) Defendant also agreed to forfeiture of the firearm listed in Count 1 of the Indictment. (Dkt. 48.) The government agreed to dismiss Count 3 of the indictment at sentencing. (Dkt. 48.) Sentencing in this matter is scheduled for June 3, 2022, at 10:00 a.m.

## SENTENCING GUIDELINES

The parties agree that Defendant's total offense level is 23 and Defendant's criminal history category is I. The resulting advisory sentencing guideline range is 46 to 57 months.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 60 MONTHS**

The sentence imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;

2. the need for the sentence imposed –

   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B. to afford adequate deterrence to criminal conduct;

   C. to protect the public from further crimes of the defendant; and

   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the guideline sentencing range;

5. any pertinent policy statement;

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence of 60 months' imprisonment.

Beginning in November of 2018, Defendant maintained a friendly and sexual relationship with A.B. of Ankeny, Iowa. (PSR ¶ 15.) When their relationship ended in February of 2020, Defendant began harassing A.B. by continually attempting to

communicate with A.B. through unwanted phone and text messages. (PSR ¶¶ 15, 17; EX 1, 2.)

In May of 2021, Defendant contacted the Ankeny Police Department anonymously to identify an individual living with A.B. as the suspect in an active burglary investigation. (PSR ¶ 14.) As part of the anonymous report, Defendant stated the suspect was capable of anything when he is under the influence of drugs with A.B. and her sister. (PSR ¶ 14.)

On May 12, 2021, at approximately 11:32 p.m., Defendant lit the fuse on a homemade explosive device he manufactured, and placed said device in the street near A.B.'s Ankeny residence. (PSR ¶ 10.) The device detonated in the location where Defendant placed it. (PSR ¶ 10.)

On June 7, 2021 at approximately 12:35 a.m., Defendant lit the fuse on a second homemade explosive device he manufactured, and placed said device in the street near A.B.'s Ankeny residence. (PSR ¶ 11.) The device detonated in the location where Defendant placed it. (PSR ¶ 11.)

On or about June 9, 2021, Defendant lit the fuse on yet another homemade explosive device he manufactured, and placed said device in the street near A.B.'s Ankeny residence. (PSR ¶ 12; EX 3.) However, unlike the previous explosive devices, the device did not explode. (PSR ¶ 12; EX 3.) Instead, it was located the following morning at approximately 9:48 a.m. in the middle of the street by a neighbor. (PSR ¶ 12; EX 1, 3.) Importantly, after the device was rendered safe by the bomb squad, it was found to contain all the components necessary for successful detonation

4

and, unlike the two prior devices, numerous metal objects (shrapnel) to include steel spheres with a flat side, masonry type wall anchors, screws, and threaded nuts. (PSR ¶ 12; EX 3.)

A subsequent search warrant at Defendant's residence, where he lived with his wife and two small children, resulted in seizure of some of the material used to manufacture the explosive devices, controlled substances to include methamphetamine and marijuana, drug use paraphernalia, and approximately 80 rounds of ammunition. (PSR ¶ 19.) In addition, agents located a loaded Ruger, Model P89, nine-millimeter pistol, with serial number: 309-37720 in Defendant's vehicle. (PSR ¶ 20.)

During a subsequent post-*Miranda* interview, Defendant admitted manufacturing, detonating, and attempting to detonate the destructive devices in the street near A.B.'s residence. (PSR ¶ 22.) Defendant claimed, and continues to claim, that the target of his ire was an individual who was dating A.B.'s sister who, according to Defendant, was a convict who pretends to serve in the military. (PSR ¶ 23.)

In spite of Defendant's claims, the real target of his dangerous behavior was his former girlfriend A.B. Apparently motivated by anger and jealousy, Defendant repeatedly attempted to contact and communicate with A.B. in spite of her refusal to do so. (PSR ¶ 15; EX 1, 2.) When A.B. failed to respond to his repeated attempts, Defendant began detonating dangerous explosive devices in the street near A.B.'s residence.

Defendant's behavior eventually escalated to an extremely dangerous level when he attempted to detonate an explosive filled with metal shrapnel. By including shrapnel in the device, Defendant clearly intended to cause significant damage or injury. If the device had detonated, anyone in the vicinity (targets or bystanders) would have been in serious danger of significant injury.

More importantly, Defendant's conduct has had a significant impact on A.B., who states she "will never stop worrying about my life and the danger, stress and fear" Defendant caused her to experience. (EX 1.) Based upon the factors set forth in 18 U.S.C. § 3553(a), and particularly the seriousness of Defendant's conduct, the need to afford adequate deterrence to similar criminal conduct, and the need to protect the public from further crimes of the defendant, the government believes that a sentence, slightly above the guidelines range, of 60 months' is sufficient but not greater than necessary in this case.

## CONCLUSION

For the reasons set forth above, the statutory factors under Title 18, United

States Code, Section 3553(a) support a term of 60 months' imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: _/s/ Jason T. Griess____
Jason T. Griess
Assistant United States Attorney

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Jason.Griess2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

___ U.S. Mail      ___ Fax   ___ Hand Delivery

_X__ ECF/Electronic filing   ___Other means

UNITED STATES ATTORNEY

By: s/ _Dawn Thomas_____
Paralegal Specialist